FOR PUBLICATION

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **INNOVATIVE COMMUNICATION** | ) | Civil No. 2008-114 |
| **COMPANY, LLC,** *et al.,* | ) | |
| | ) | Bankr. Case No. 06-30008 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Civil No. 2008-115 |
| | ) | |
| **INNOVATIVE COMMUNICATION** | ) | Bankr. Case No. 07-30012 |
| **CORPORATION,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

ATTORNEYS:

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**Toby L. Gerber, Esq.**
**Mark A. Platt, Esq.**
Dallas, TX
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 2

**Daniel C. Stewart, Esq.**
**Thomas S. Leatherbury, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee*,

**Benjamin A. Currence, Esq.**
St. Thomas, U.S.V.I.
    *For Stan Springel, Chapter 11 Trustee.*

<u>**MEMORANDUM OPINION**</u>

GÓMEZ, C.J.

The appellant in this matter, Jeffrey J. Prosser, appeals from an August 1, 2008, order of the Bankruptcy Division of this Court, determining that Prosser has no "global" standing to participate in the above-captioned bankruptcy cases. For the reasons given below, the Court will vacate the Bankruptcy Division's order.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The parties are familiar with the facts of the above-captioned matters and related proceedings. The Court therefore recites only those facts germane to this particular appeal.

Innovative Communication Company, LLC ("ICC-LLC") is a limited liability company that wholly owns Emerging Communications, Inc. ("ECI") (ICC-LCC and ECI are together referred to as the "Parent Debtors"). ECI, in turn, wholly owns Innovative Communication Corporation ("New ICC") (the Parent

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 3

Debtors and New ICC are collectively referred to as the
"Corporate Debtors"). New ICC provides telephone service,
newspaper publishing and cable television services in the U.S.
Virgin Islands.[1]

On June 9, 2006, this Court entered a Judgment in favor of
Rural Telephone Finance Cooperative ("RTFC") —— a member-owned,
non-profit lending cooperative based in Virginia and a creditor
of Prosser and the Corporate Debtors —— and against New ICC and
Prosser, jointly and severally, in the amount of $524,910,065
(the "RTFC Judgment"). The RTFC Judgment caps Prosser's
liability at $100,000,000.

On July 31, 2006, Prosser filed a voluntary petition for
relief under Chapter 11 of the Bankruptcy Code. The Parent
Debtors separately filed voluntary petitions for Chapter 11
relief that same day. On March 15, 2007, the appellee in this
matter, Stan Springel ("Springel"), was appointed Chapter 11
trustee for the Parent Debtors.

On July 5, 2007, Greenlight Capital Qualified, L.P.;
Greenlight Capital, L.P.; and Greenlight Capital Offshore, Ltd.[2],

---

[1] The Corporate Debtors also provide similar services in
St. Maarten, the British Virgin Islands, Guadeloupe, Martinique,
and eastern France.

[2] Greenlight consists of two limited partnerships organized
under Delaware law and a corporation organized in the British
Virgin Islands.

In re: Innovative Communication Company, LLC, et al.
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 4

creditors of Prosser and the Parent Debtors, filed an involuntary
bankruptcy petition against New ICC.  On October 4, 2007,
Springel was also appointed Chapter 11 trustee of New ICC.

By order dated October 3, 2007, the Bankruptcy Division
converted Prosser's Chapter 11 case to a case under Chapter 7 of
the Bankruptcy Code.  James P. Carroll ("Carroll") was thereafter
appointed Chapter 7 trustee of Prosser's estate.  This Court
affirmed the conversion.

On April 10, 2008, Springel, in his capacity as Chapter 11
trustee for the Corporate Debtors, filed a motion in the
Bankruptcy Division, asking that court for a determination of
Prosser's standing to participate in the Corporate Debtors'
Chapter 11 cases.  Prosser filed an objection to that motion.
RTFC joined in Springel's motion.  On June 19, 2008, the
Bankruptcy Division held a hearing on the motion and invited
supplemental briefing.  On August 1, 2008, the Bankruptcy
Division granted Springel's motion, rejecting Prosser's claim
that he has "global" standing to participate in the Corporate
Debtors' Chapter 11 cases and concluding that Prosser must
establish standing to be heard on particular issues in those
cases (the "Standing Order").  This timely appeal followed.[3]

---

[3]  Prosser filed two notices of appeal of the Standing
Order.  The Clerk of Court docketed those notices as separate
cases.  By Order dated October 30, 2008, the Court consolidated
both cases.

In re: Innovative Communication Company, LLC, et al.
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 5

## II.  **DISCUSSION**

This Court has jurisdiction to hear appeals from final
judgments, orders, and decrees, and, with leave of court, from
interlocutory orders and decrees of bankruptcy judges. 28 U.S.C.
§ 158(a).[4]  The Court reviews the Bankruptcy Division's findings
of fact for clear error and exercises plenary review over
questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS
19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews
the Bankruptcy Division's conclusions of law *de novo* but may only
review findings of fact that are clearly erroneous."); *see also*
*Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal
Cadillac Oldsmobile GMC Truck, Inc.)*, 142 F.3d 631, 635 (3d Cir.
1998). "[A] question of standing . . . is subject to *de novo*
review." *Otto v. Pennsylvania State Educ. Ass'n-NEA*, 330 F.3d
125, 130 (3d Cir. 2003) (citing *In re RFE Indus., Inc.*, 283 F.3d
159, 163 (3d Cir. 2002)); *see also ACLU-NJ ex rel. Miller v. Twp.
of Wall*, 246 F.3d 258, 261 (3d Cir. 2001) ("We review the issue

---

Only Prosser and Springel have filed briefs.  No other party
has appeared or filed any pleadings.

[4]  28 U.S.C. § 158(a) provides, in part, that

[t]he district courts of the United States shall have
jurisdiction to hear appeals . . . of bankruptcy judges
entered in cases and proceedings referred to the
bankruptcy judges under under section 157 of this
title.  An appeal under this subsection shall be taken
only to the district court for the judicial district in
which the bankruptcy judge is serving.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 6

of standing de novo." (citations omitted)).

### III. <u>ANALYSIS</u>

**A.   Standing**

Although Prosser does not raise the issue of his standing to
bring this appeal and Springel refers to that issue only
obliquely, the Court must consider Prosser's standing as a
threshold issue. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190,
214 (3d Cir. 2004) ("As a threshold matter, we must determine
whether appellants have standing . . . .") (citing *Bender v.
Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)).

The United States Court of Appeals for the Third Circuit
employs the "persons aggrieved" test to determine if a person may
appeal a bankruptcy court order. *Travelers Ins. Co. v. H.K.
Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir. 1995).  A person is
aggrieved "only if the bankruptcy court's order 'diminishes their
property, increases their burdens, or impairs their rights.'" *In
re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) (quoting
*In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)).  "Thus, only those
'whose rights or interests are directly and adversely affected
pecuniarily' by an order of the bankruptcy court may bring an
appeal." *Id.* (quoting *In re Dykes*, 10 F.3d at 187).  "The 'person
aggrieved' standard, which is more stringent than the
constitutional test for standing, serves the acute need to limit
collateral appeals in the bankruptcy context." *In re O'Brien*

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 7

*Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999) (citing *In re Dykes*, 10 F.3d at 187).  The United States Court of Appeals for the Ninth Circuit has explained that the need to limit such appeals

> springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation.  In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested.  Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

*Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983), *cited with approval in In re O'Brien Envtl. Energy*, 181 F.3d at 530-31.  "The question whether a party has standing to appeal in a bankruptcy case is generally an issue of fact for the district court." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 531 (citing *In re Dykes*, 10 F.3d at 188).

To the extent the Standing Order essentially enjoins Prosser from broad participation in the Corporate Debtors' bankruptcy cases, the Standing Order directly impairs Prosser's rights. *See*, *e.g.*, *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 751 n.13 (5th Cir. 1995) (finding the fact that the bankruptcy court's order enjoined non-parties "*in any way* gives them standing to appeal" the order (citation omitted)); *Bayoud v. Medical Ctr. Hosp. (In re American Dev. Int'l Corp.)*, 188 B.R. 925, 932 (N.D. Tex. 1995) (finding that a bankruptcy court order

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 8

that directly precluded a non-party from continuing certain litigation and to bring new lawsuits, was injunctive and impaired the non-party's rights).  Accordingly, Prosser is a "person aggrieved" and has standing to bring this appeal.

**B.    Merits**

In the Standing Order, the Bankruptcy Division determined that Prosser is neither a creditor nor an equity security holder of any of the Corporate Debtors and therefore is not a party in interest to those entities' Chapter 11 cases.  Accordingly, the Bankruptcy Division concluded that Prosser does not have "global" standing and that he,

> like any other litigant, . . . must establish standing
> as to a particular motion or proceeding and, at this
> point, the only matters pending in these Chapter 11
> cases as to which his standing is clear are those
> commenced against him by various parties, including
> adversary actions in which he is a named defendant.

(Appellant's Br., Exh. P10 at 3.)

Prosser argues on appeal that the Bankruptcy Division erred in finding that Prosser is not a party in interest to the Corporate Debtors' bankruptcy cases.  In Prosser's view, because the RTFC Judgment renders him jointly and severally liable with New ICC to RTFC, New ICC and he are co-debtors.  Prosser asserts that New ICC's ability to satisfy RTFC's claim directly affects how much he will have to pay RTFC.  As a consequence, Prosser claims to have a pecuniary interest in the outcome of the

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 9

Corporate Debtors' Chapter 11 cases and, as such, is a party in interest to those cases.  He cites a raft of statutes and cases to support that view.  Most compelling, however, is Prosser's contention that the Bankruptcy Division erred in entering a "blanket" ruling on his standing to participate in the Corporate Debtors' Chapter 11 cases.  According to Prosser, a determination of standing to participate in a bankruptcy case requires a more refined analysis.

§ 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b), "makes clear that any 'party in interest' may appear and be heard in a chapter 11 case." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985).  It provides that "[a] party in interest, *including the debtor*, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis supplied).

The basic test under section 1109(b) is "whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation." *In re Amatex Corp.*, 755 F.2d at 1042.  Such a party is entitled to assert and demonstrate his right to participate in a particular matter of a bankruptcy proceeding. *See*, *e.g.*, *Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re The Caldor Corp.)*, 303 F.3d

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 10

161, 169 (2d Cir. 2002) (noting that "the phrase 'any issue in a

case' [in Section 1109(b)] plainly grants a right to raise,

appear and be heard on any issue" in a Chapter 11 case); *In re*

*Marin Motor Oil, Inc.*, 689 F.2d 445, 451 (3d Cir. 1982)

(explaining that Section 1109(b) *"grants a right to appear and be*

*heard not in 'a case' but 'on any issue in a case'"* (emphasis

supplied)); *In re Martin Paint Stores*, 199 B.R. 258, 263 (Bankr.

S.D.N.Y. 1996) ("Section 1109(b) of the Bankruptcy Code provides

that a party in interest may appear and be heard on any issue in

the case.  This provision, however, does not confer standing in

the absence of a legally protected interest affected by the

bankruptcy proceeding, and the party asserting standing must show

that he is a beneficiary of the bankruptcy provision that he

invokes." (citations omitted)), *aff'd*, Civ. No. 96-6499, 1997

U.S. Dist. LEXIS 2658 (S.D.N.Y. Mar. 12, 1997); *see also*

*Peachtree Lane Assocs. v. Granader (In re Peachtree Lane*

*Assocs.)*, 188 B.R. 815, 827 (N.D. Ill. 1995) ("[F]undamental

fairness requires that those who have a practical stake in the

proceedings be afforded an opportunity to be heard on the issues

that affect them.").

Furthermore, it is widely accepted that "party in interest"

status must be determined not as a general matter but on an *ad*

*hoc* basis. *In re Amatex Corp.*, 755 F.2d at 1042 ("[C]ourts must

determine on a *case by case basis* whether the prospective party

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 11

in interest has a sufficient stake in the proceeding so as to require representation." (emphasis supplied) (citation omitted))); *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 357 (10th Cir. 1995); *In re FBN Food Servs.*, No. 93-6347, 1995 U.S. Dist. LEXIS 5009, at *4 (N.D. Ill. Apr. 13, 1995) ("Neither the bankruptcy code nor the bankruptcy rules define the term 'party in interest'; its meaning is therefore determined in light of the bankruptcy code on a case-by-case basis." (citations omitted)); *In re Johns-Manville Corp.*, 36 B.R. 743, 747 (Bankr. S.D.N.Y. 1984) (citing *In re Penn-Dixie Industries, Inc.*, 9 B.R. 941, 943 n.7 (Bankr. S.D.N.Y. 1981), *cited with approval in In re Amatex Corp.*, 755 F.2d at 1042)).

Here, the Standing Order does not appear to be consonant with the letter or the spirit of § 1109(b) or the case law interpreting that provision.  Although it essentially restates the well-settled principle that standing in bankruptcy proceedings must be established on an *ad hoc* basis, the Standing Order goes one step further by making a global determination on Prosser's standing to participate generally in the bankruptcy proceedings.  In light of the authority outlined above, this Court concludes that the Standing Order takes one step too many.

The record reflects that Springel moved for a determination of Prosser's global standing based on Prosser's numerous filings

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 12

in the Bankruptcy Division.  Among other things, the motion

asserted the following:

> Since the filing of that Notice of Appearance, Prosser
> has filed, among other things, objections to Trustee
> Springel's motions to sell assets of the estates, and
> he continues to file multiple pleadings and objections
> with regard to substantially every action of Trustee
> Springel, including, on multiple occasions, filing
> motions with the District Court seeking to enjoin the
> actions of the Trustees and this Court in the orderly
> administration of the Bankruptcy Cases and Prosser's
> individual bankruptcy case.

(Appellant's Br., Exh. P1 at 5.)

In essence, Springel's motion suggests that Prosser's

frequent efforts to participate in the bankruptcy proceedings

constitute a nuisance precluding smooth sailing in the bankruptcy

proceedings.  A court has several arrows in its quiver, however,

to address a nuisance.  A court has at its disposal, for

instance, a variety of sanctions it may impose on an offending

party.  The record does not reflect whether the Bankruptcy

Division has employed such measures.  Under the circumstances

presented here, and given the applicable law, the Bankruptcy

Division also could direct any party, such as Prosser, seeking to

participate in the bankruptcy proceedings to ask the court on a

case-by-case basis for permission to do so.  The record also does

not reflect whether the Bankruptcy Division has issued such a

directive.  Either of these approaches would certainly be in line

with the principles enunciated above and the governing law.

In re: Innovative Communication Company, LLC, et al.
Civil Nos. 2008-114 and 2008-115
Memorandum Opinion
Page 13

## IV.  <u>CONCLUSION</u>

For the reasons given above, the Bankruptcy Division's

Standing Order will be vacated and this appeal will be

dismissed.[5]  An appropriate order follows.


S_____
                              **CURTIS V. GÓMEZ**
                                **Chief Judge**

---

[5]  Given this disposition, the Court need not reach the
parties' various other contentions.